

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

February 10, 1949

Hon. C. Land
County Attorney
Hall County
Memphis, Texas

Opinion No. V-767

Re: The effect of a tax judgment
upon other prior delinquent
taxes which were not included
in the petition or judgment,
where no tax sale has been
made.

Dear Mr. Land:

We restate the question presented in your let-
ters of December 28, 1948 and January 24, 1949, respec-
tively: Does the payment of a judgment by the defendant,
prior to issuance of order of sale or prior to sale when
order of sale has been issued, in a tax foreclosure suit
deprive the taxing units, parties to the suit, of the
taxes for subsequent years, delinquent at the date of
the judgment, which are not included in the petition or
judgment?

The answer is in the negative. A taxpayer has
the right under Art. 7339 V. C. S. to pay delinquent taxes
included in a judgment rendered against him at any time
before a sale, and thereby discharges his liability for
the delinquent taxes involved in the suit. Such a pay-
ment not only discharges his liability for the taxes, but
extinguishes the lien of the State and County and other
taxing units, parties to the suit, for said taxes. This
is true regardless of whether a receipt is issued by the
tax collector showing the payment or not. This, however,
does not in any manner absolve the taxpayer from his lia-
bility for the taxes due for other years not involved in
the suit.

Sec. 10, Art. 7345b, V. C.S., does provide as
follows:

"The _purchaser_ of property sold for taxes
in such _foreclosure_ suit shall take title _free_
_and clear of all liens and claims for ad valorem_
_taxes against_ such property delinquent at the

time of judgment in said suit to any taxing unit which was a party to said suit, and which has been served with citation in said suit as required by this Act."

It is apparent, however, that this statutory provision does not purport to relieve the taxpayer of liability for any taxes lawfully owing by him, but does have the effect of vesting title in the purchaser at such tax foreclosure sale, free and clear of all liens for ad valorem taxes against such property delinquent at the time of judgment in said suit, but has no effect where there has been no sale. By paying off a judgment before issuance of an order of sale or a sale pursuant to the order, the taxpayer does nothing more than pay his taxes as though no suit had been filed against him. His liability for all other taxes current or delinquent remains the same.

The taxpayer has the right to pay delinquent taxes assessed against him and his property for any one year without at the same time paying other taxes for other years if he chooses to do so, and is entitled to have a receipt issued to him by the Tax Collector evidencing his payment. This is the conclusion expressed in opinion V-529, a copy of which is herewith enclosed.

## SUMMARY

The payment of delinquent taxes covered by a judgment rendered in a tax foreclosure suit under Article 7345b but paid prior to the issuance of an order of sale or sale does not operate to relieve the taxpayer of liability for any other taxes lawfully assessed against his property, whether delinquent or current.

Very truly yours,

APPROVED:

ATTORNEY GENERAL OF TEXAS

*Fagan Dickson*

By

*L. P. Lollar*

FIRST ASSISTANT
ATTORNEY GENERAL

L. P. Lollar
Assistant

LPL/lg